**Antonio RAMIREZ–GINES; Juana Fuentes–Ortega, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

Nos. 05–74233, 06–74055.

United States Court of Appeals, Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 1, 2008.

Sung Uk Park, Law Offices of Sung U. Park, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Aram A. Gavoor, Kurt B. Larson, Stacy S. Paddack, DOJ–U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

In these consolidated petitions, Antonio Ramirez–Gines and Juana Fuentes–Ortega, natives and citizens of Mexico, seek review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's ("IJ") order denying their applications for cancellation of removal (No. 05–74233), and the BIA's order denying their motion to reopen (No. 06–74055). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), and review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS,* 321 F.3d 889, 894 (9th Cir.2003). We deny in part and dismiss in part the petition for review in No. 05–74233, and we deny the petition for review in No. 06–74055.

We reject petitioners' contention that their children's constitutional rights are being violated. *See Urbano de Malaluan v. INS,* 577 F.2d 589, 594 (9th Cir.1978) (observing that the argument that "the deportation order would amount to a de facto deportation of the child and thus violate the constitutional rights of the child ... has been authoritatively rejected in numerous cases.").

Petitioners contend the IJ violated due process by disregarding an expert report regarding the psychological impact on their United States citizen children of a move to Mexico. Contrary to petitioners' contention, the proceedings were not "so fundamentally unfair that [they were] prevented from reasonably presenting [their] case." *Colmenar v. INS,* 210 F.3d 967, 971 (9th Cir.2000) (internal quotation marks and citation omitted). Moreover, petitioners failed to demonstrate that consideration of the report may have affected the outcome of the proceedings. *See id.* (requiring prejudice to prevail on a due process challenge). Contrary to petition-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

ers' contention, the BIA did not disregard evidence they presented on appeal.

The BIA did not abuse its discretion in denying petitioners' motion to reopen as untimely because it was filed more than a year after the BIA's final order of removal, *see* 8 C.F.R. § 1003.2(c)(2) (motion to reopen must be filed within 90 days of final order of removal), and petitioners did not show they were entitled to equitable tolling, *see Iturribarria*, 321 F.3d at 897 (deadline for filing motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence").

**No. 05–74233: PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

**No. 06–74055: PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.